947 A.2d 1216

IN THE MATTER OF EDMUND P. GLASNER, AN ATTORNEY AT LAW.

June 2, 2008.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 07–285, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent) that **EDMUND P. GLASNER** of **MARLBOROUGH, MASSACHU-SETTS,** who was admitted to the bar of this State in 1985, and who has been temporarily suspended from the practice of law pursuant to *Rule* 1:20–15(k) since January 14, 2008, by Order of the Court filed on December 12, 2007, should be suspended from practice for a period of one year for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to communicate with client), *RPC* 1.16(a)(2) (failure to withdraw from representation), *RPC* 1.16(d) (failure to protect client's interests on termination of representation), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to submit proof of his fitness to practice and that on reinstatement, he should be required to practice law under supervision for a period of two years;

And good cause appearing;

It is ORDERED that **EDMUND P. GLASNER** is suspended from the practice of law for a period of one year and until he satisfies the fee arbitration awards in District Docket Nos. IIIA–06–0027F and IIIA–06–0023F and pays the sanction of $750 to the Disciplinary Oversight Committee and until the further Order of the Court, effective immediately;

And the Court having ordered on December 14, 2007, that respondent be transferred to disability inactive status after he satisfies said arbitration awards against him and pays the sanction, it is ORDERED that on satisfaction of said financial obligations, respondent shall be transferred to disability inactive status until the further Order of the Court;  and it is further

ORDERED that prior to any reinstatement to practice or return to active status, respondent shall provide proof of fitness to practice as attested to by a mental health professional approved by the Office of Attorney Ethics and on reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court;  and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys;  and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance;  (2) be found to constitute a violation of *RPC*

8.1(b) and *RPC* 8.4(c);  and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2;  and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State;  and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.